# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SHIRLEY SUBER MILLIGAN,** | * |
| Plaintiff | * |
| v. | * Case No. RWT-10-2107 |
| **JESSICA BRADY,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Shirley Suber Milligan ("Milligan"), proceeding *pro se*, filed a complaint with this court on August 2, 2010. Milligan alleges that on August 3, 2007, while riding her bicycle in Calvert County, Maryland, she was struck by a motor vehicle owned by Defendants Stephen and Teresa Brady and driven by Defendant Jessica Brady ("the Bradys"). *See* ECF No. 1. Milligan accuses Jessica Brady of the negligent operation of the motor vehicle and seeks damages against the Bradys in the amount of $5,314,000.00. Milligan also claims that Defendant State Farm Insurance, her insurer, breached its contract by refusing to provide her the benefits under the underinsured motorist's provision of her insurance contract.

In addition to her tort and breach of contract claims, in Count II of her Complaint Milligan asserts an equal protection claim against the Maryland State Police ("MSP"). Milligan claims that MSP failed to properly investigate the collision and erroneously concluded that she was at fault for the collision. Milligan claims to be "informed" that "there are far fewer factual errors" when the "victim is not African-American," Compl. ¶ 24, and concludes that these alleged deficiencies amount to discrimination based on race. Milligan seeks damages against MSP in the amount of $200,000.

1

On August 27, 2010, the court stayed Milligan's state claims against the Bradys and State Farm Insurance and directed MSP to file an answer to the equal protection claim in accordance with Fed. R. Civ. P. 12(a). *See* ECF No. 3. On September 28, 2010, MSP filed a motion to dismiss, arguing that it cannot be considered a "person" for the purposes of a 42 U.S.C. §1983 action, that Plaintiff has failed to allege an equal protection claim as a matter of law, and that the Maryland State Police are entitled to qualified immunity from this suit. *See* ECF No. 6. Milligan filed a response in opposition to MSP's motion on November 22, 2010 and included in her response a request for leave to amend her complaint. *See* ECF No. 10.[1]

The Court finds that no hearing is necessary, and for the reasons that follow, will grant MSP's motion and deny Milligan's request for leave to amend her complaint.

**I.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a claim or claims asserted in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court declared that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court clarified, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.")).

The Court must consider all well-pleaded allegations in a complaint as true, *see*

---

[1] Local Rule 103.6 of the District of Maryland requires that a party requesting leave to amend provide a copy of the proposed amendment to the court. Although Milligan did not file a separate motion or attach a proposed amendment, she did indicate in her filing how she proposed to amend her complaint. *See* ECF No. 10. As a *pro se* litigant, Milligan's failure to comply with Local Rule 103.6 is not fatal to her request for leave to amend, and the Court concludes that her filing contains sufficient information to consider her request without additional briefing.

2

*Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson County*, 407 F.3d 266, 268 (4th Cir. 2005), in determining whether Plaintiff stated an actionable legal claim. Nevertheless, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

"The court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 290 (4th Cir. 2008). Futile amendments are those that cannot survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

**II**

Under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *see also Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (same). The State of Maryland has not waived its Eleventh Amendment immunity for section 1983 actions. Accordingly, Milligan's section 1983 claims against MSP, a state agency, will be dismissed.

In Milligan's opposition, she requests leave to amend her complaint to "address many of the concerns raised in Defendant's motion regarding the State's alleged immunity." *See* ECF

No. 10, at 1. In particular, Milligan requests leave to amend her complaint to name individual MSP officers involved in the allegedly discriminatory investigation. *Id.* at 4. Eleventh Amendment "immunity applies to . . . state employees acting within their official capacity." Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Thus, to the extent the MSP officers were acting within the scope of their official capacities in investigating the collision and producing the disputed reports, they are protected by Eleventh Amendment immunity and cannot be held liable on Milligan's claim for damages.

Even if Milligan's section 1983 claims were not barred by the Eleventh Amendment, her claims against MSP are unavailing on other grounds. The only factual allegations asserted in support of Milligan's equal protection claim are (1) Milligan is an African-American female; (2) she disagrees with how MSP conducted the investigation and several facts included in MSP's investigation/reports, including MSP's ultimate conclusion that she was at fault; and (3) Milligan's claim to be "informed" that there are fewer "factual errors" when the "victim is not African-American." Compl. ¶ 18-24. These conclusory allegations are precisely the "unadorned allegations of wrongdoing to which *Twombly* and *Iqbal* are directed." *See Francis v. Giacomelli*, 588 F.3d 186, 195-96 (4th Cir. 2009).

In her opposition to MSP's motion to dismiss, Milligan appears to concede that she has no additional factual allegations to supplement her equal protection claim, arguing instead that she "has not had the opportunity to produce . . . evidence [of discrimination] through discovery." *See* ECF No. 10, at 4. Granting Milligan leave to amend Count II would therefore be futile because even the most liberal reading of her complaint and proposed amendment thereto fails to reveal any plausible claim upon which relief can be granted. Accordingly, MSP's motion to

dismiss will be granted and Milligan's request for leave to amend will be denied.

Milligan's equal protection claim against MSP is the only claim arising under the original jurisdiction of this court. This claim will be dismissed for the reasons stated above and the court declines to exercise supplemental jurisdiction over Milligan's remaining tort and breach of contract claims. *See* 28 U.S.C. § 1367(c); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 129 S. Ct. 1862, 1866 (2009) ("A district court's decision to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). Milligan's remaining state law claims will therefore be dismissed as well.

A separate Order follows.


Date: May 13, 2011
/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE